IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
HUGO SANCHEZ-RAMOS,  : CASE NO. 4:05 CV 780
:
                Plaintiff, :
:
-vs- : **ORDER & OPINION DENYING**
: **PLAINTIFF'S MOTION TO RE-OPEN**
: **CASE**
:
T.R. SNIEZEK, et al., :
:
                Defendants.
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Plaintiff Hugo Sanchez-Ramos filed a "Notice to the Court Regarding the Re-opening of Previously filed Complaint" on 14 September 2006. (Docket No. 11). This action was previously dismissed without prejudice for failure to exhaust administrative remedies on 20 May 2005. Mr. Sanchez-Ramos asks this Court to vacate the prior dismissal and reinstate his case to the Court's active docket. For the following reasons, the Motion will be **denied**.

    Mr. Sanchez-Ramos filed a Bivens[1] action on 23 March 2005, alleging that he had been assaulted by FCI-Elkton Corrections Officer Dulak on 18 August 2004. He stated that Officer Dulak noticed that he took a book from a cart on his way to the Special Housing Unit ("SHU"). He contended that Officer Dulak grabbed him by the

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

jumpsuit, slammed him into a wall, and placed him in a choke hold until he lost consciousness. He further alleged that he was denied prescription pain medication for his injuries. This Court dismissed the action without prejudice for failing to exhaust administrative remedies prior to filing the action in federal court. Mr. Sanchez-Ramos now claims that he has cured the defect of his original pleading by completing the administrative exhaustion process. He has filed this Notice/Motion seeking relief from that dismissal. The Court therefore liberally construes the Notice/Motion as one which seeks relief from judgment under Federal Civil Rule 60(b).

Rule 60(b) permits a district court to grant a motion for relief from judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). Rule 60(b) does not permit parties to re-litigate the merits of claims, or

2

to raise new claims that could have been raised during the litigation of the case or in the initial complaint. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore deals with some irregularity or procedural defect in the procurement of the judgment denying relief. See Abdur'Rahman v. Bell, 392 F.3d 174, 179-80 (6th Cir. 2004)(*overruled* on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir.2001).

Because the motion does not invoke any of the first five grounds for relief enumerated in the rule, Mr. Sanchez-Ramos's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). There is nothing contained in the Motion which indicates that relief from judgment is appropriate. At the time of the dismissal of the case, Mr. Sanchez had begun but not completed the administrative exhaustion process. Dismissal was required under 42 U.S.C. § 1997e. Mr. Sanchez now seeks to return to court more than two years later and offers documentation to demonstrate that he has cured the defect of his prior pleading. Rule 60(b) does not afford relief under these circumstances. Moreover, principles of equity do not mandate relief. The case was

3

dismissed without prejudice. Mr. Sanchez can simply file a new action which complies with the exhaustion requirements.

Accordingly, plaintiff's "Notice to the Court Regarding the Re-opening of Previously filed Complaint" (Docket No. 11) is **denied**.

IT IS SO ORDERED.

/s/
UNITED STATES DISTRICT JUDGE

Date: 5/15/07